# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DILLARD E. KELLEY, SR.,**

        Petitioner,

v.                                        Case No. 06-C-0051

**PHILLIP KINGSTON,**
**Warden of Waupun Correctional Institution,**

        Respondent.

# DECISION AND ORDER

This matter is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Dillard E. Kelley, Sr. ("Kelley "). He seeks leave to proceed *in forma pauperis* in this matter, and has filed a motion for appointment of counsel and a supplemental motion for appointment of counsel.

To authorize a litigant to proceed *in forma pauperis*, a Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action; and second, whether the action is frivolous or malicious, or seeks relief from an immune party, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(a), (e)(2).

Kelley's petition and affidavit for leave to proceed *in forma pauperis*, which is sworn under the penalty of perjury, states that he is not employed and he has not received any money within the past six-months from any source. His sworn statement conflicts with the attached certified prison trust account statement for the six-month period proceeding the filing

of his petition. That statement indicates that the average monthly balance in Kelley's prison trust account was $127.13 and the average monthly deposit was $144.55. The ending balance for that account was $277.62. Kelley is cautioned that the conflict between his sworn petition and affidavit for leave to proceed *in forma pauperis* and his prison trust account statement could serve as the basis of a criminal prosecution.

Kelley's petition discloses that he is challenging his March 23, 1989, conviction by the Circuit Court for Milwaukee County, Wisconsin for seven counts of second degree murder, party to the crime; four counts of arson to a building, party to the crime; two counts of arson to property, party to the crime; and one count of arson with intent to defraud, party to the crime. He was sentenced to 229 years of imprisonment. Kelley previously challenged that conviction in *Kelley v. Booker*, Case No. 98-C-7-C (W.D. Wis.). His petition was dismissed on April 23, 1997, because it was untimely.

Section 2244(a) of Title 28 of the United States Code states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2244(b)(1) further provides: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." A petition dismissed as untimely counts for purposes of § 2244(b), because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates

2

as an irremediable defect barring consideration of the petitioner's substantive claims. *See Pavlovsky v. Vannatta*, 431 F.3d 1063, 1064 (7th Cir. 2005).

Section 2244(b)(2) sets forth certain limited exceptions to the general rule that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. These exceptions are established when:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2). Section 2244(b)(3)(A) further provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Pursuant to 28 U.S.C. § 2244, second or successive petitions require the approval of the court of appeals. *See Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *See also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Court.

Circuit Rule 22.2 establishes procedures for the approval mechanism. *Id*. A copy of that rule is attached to this decision. Pursuant to *Nunez*, this Court will dismiss the instant petition for lack of jurisdiction.

3

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Kelley's petition is **DISMISSED** for lack jurisdiction.

Dated at Milwaukee, Wisconsin this 13th day of June, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

**Circuit Rule 22.2. Successive Petitions for Collateral Review**

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.

(As amended Dec. 1, 2001.)